## THE PENZA.

## THE TOBOLSK.

(District Court, E. D. New York. September 26, 1921.)

No. 302.

1. **International law** ☞10—**A government not recognized cannot sue.**

Libel by the "Russian Socialist Federated Soviet Republic" and its "agent and representative," which failed to allege that such republic had ever been recognized as a sovereign state by the United States or that such agent had ever been recognized as an agent or representative of such republic, *held* properly dismissed.

2. **Evidence** ☞25—**Judicial notice taken of recognition of foreign governments and their representatives.**

Judicial notice will be taken of the action of the political department of the government on such questions as the recognition of foreign governments and their representatives.

3. **Constitutional law** ☞68(1)—**Recognition of foreign governments a political question.**

Which government in a foreign country is sovereign de jure or de facto is not a judicial, but a political, question, the decision of which by the legislative and executive departments of government binds the judicial department.

In Admiralty. Libel by the Russian Socialist Federated Soviet Republic and Ludwig C. A. K. Martens, as agent and representative thereof, by Rose Weiss, attorney in fact, against the steamers Penza and Tobolsk, their tackle, etc. On exceptions to libel. Libel dismissed.

Charles Recht, of New York City, for libelants.

Victor E. Gartz, of New York City (John P. Murray, of New York City, of counsel), for respondent.

MANTON, Circuit Judge. [1] This libel is filed, seeking title and possession of two steamers, known as the Penza and Tobolsk, which are now alleged to be held illegally and against the title and possession of the libelants. Exceptions to the libel are filed, chief among which is the claim of the respondent that the libelants may not maintain this libel, for the reason that the Soviet Republic has not been recognized as a sovereign state by the government of the United States, and that Mr. Martens, its agent or representative, has therefore not the capacity to sue as such. The libel alleges that the "Soviet Republic is a sovereign state of nations." There is no allegation that the Russian Socialist Federated Soviet Republic has ever been recognized as a sovereign state by the United States government, nor is there any allegation that Mr. Martens has ever been recognized as an agent or representative of

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the Soviet Republic. Following the overthrow of the Czar's government, the provisional government of Russia was recognized by the United States government, and Boris Bakhmetieff was received by the State Department as ambassador extraordinary and plenipotentiary of Russia. Of this the court may take judicial notice.

[2] The courts will take judicial notice of the action of the political department of the government on such questions. In the most recent case on this subject (Oetjen v. Central Leather Co., 246 U. S. 301, 38 Sup. Ct. 310, 62 L. Ed. 726) the court said:

"This court will take judicial notice of the fact that, since the transaction thus detailed and since the trial of this case in the lower courts, the government of the United States recognized the government of Carranza as the de facto government of the republic of Mexico, on October 19, 1915, and as the de jure government on August 31, 1917."

See, also, Jones v. U. S., 137 U. S. 202, 11 Sup. Ct. 80, 34 L. Ed. 691; Underhill v. Hernandez, 168 U. S. 250, 18 Sup. Ct. 83, 42 L. Ed. 456; Ricaud v. American Metal Co., 246 U. S. 304, 38 Sup. Ct. 312, 62 L. Ed. 733.

In Jones v. United States, 137 U. S. 214, 11 Sup. Ct. 84, 34 L. Ed. 691, the court said:

"All courts of justice are bound to take judicial notice of the territorial extent of the jurisdiction exercised by the government whose laws they administer, or of its recognition or denial of the sovereignty of a foreign power, as appearing from the public acts of the Legislature and executive, although those acts are not formally put in evidence, nor in accord with the pleadings."

[3] The courts must follow and may not lead the executive. They have no authority to institute an original inquiry into conditions of a foreign state of government. Which is a sovereign, de jure or de facto, of a territory is not a judicial, but a political, question for determination. But the legislative and executive department of any government by its decision or action binds the judicial. Jones v. United States, supra.

The Circuit Court of Appeals for this circuit in the case of Agency of Canadian Car & Foundry Co. v. American Can Co., 258 Fed. 363, 169 C. C. A. 379, 6 A. L. R. 1182, said, speaking of the Russian government at that time:

"On July 5, 1917, the United States government recognized Boris Bakhmetieff as the Russian ambassador. The record contains a certificate, signed and sealed on May 8, 1918, by Robert Lansing, Secretary of State of the United States of America, stating that Boris Bakhmetieff presented his letter of credence to the President and was officially received by the President as ambassador extraordinary and plenipotentiary of Russia on July 5, 1917, and that he has since that date been recognized by the Department of State as the ambassador of Russia. * * * Who is the sovereign, de jure or de facto, of a country, is a question for the political departments of the government. It is not a judicial question. The decision of the matter by the political departments is in this country conclusive upon the judges. Jones v. United States, 137 U. S. 202, 212, 11 Sup. Ct. 80, 34 L. Ed. 691. The same principle is the established law of England. Republic of Peru v. Dryfus, 38 Ch. Div. 348, 356, 359. In the same way, the question who represents and acts for a foreign sovereign or nation in its relations with the United States is determined, not by the judicial department, but exclusively by the

political branch of the government. In re Baiz, 135 U. S. 403, 10 Sup. Ct. 854, 34 L. Ed. 222. So that the certificate of the Secretary of State, above referred to, certifying to the official character of Boris Bakhmetieff as the Russian ambassador to the United States, is not only evidence, but it is the best evidence, of Mr. Bakhmetieff's diplomatic character, and is to be regarded by the courts as conclusive of the question, and the court could not proceed upon argumentative and collateral proof." 258 Fed. 368, 169 C. C. A. 384, 6 A. L. R. 1182.

This court must take judicial notice of the attitude and action of the State Department and the date of the issuance of the certificate of the Secretary of State in the American Can Case to the date of the commencement of this suit, or even to the present date. On May 6, 1921, the State Department issued a press statement as follows:

"The Department of State has received numerous inquiries regarding Mr. L. A. Martens, claiming to be a representative of a Russian Socialist Federated Soviet Republic. The department feels it to be its duty to inform the public that Mr. Martens has not been received or recognized as the representative of the government of Russia or of any other government. As the United States government has not recognized the Bolshevik régime at Moscow as a government, extreme caution should be exercised as to representations made by any one purporting to represent the Bolshevik government."

It appears that the libel was verified by Rose Weiss on July 17, 1921. On August 5, 1921, the State Department again announced in answer to an inquiry:

"In reply the department desires to inform you that the so-called Russian Socialist Federated Soviet Republic has not been recognized by the government of the United States, nor is Mr. Recht recognized by it as an agent or attorney of the so-called Russian Socialist Federated Soviet Republic. The status of Mr. Bakhmetieff as ambassador of Russia has not changed since this department's letter to you of June 24, 1919. The inclosed copy of the July 'Diplomatic List' of foreign representatives in Washington contains on pages 4 and 5 the names of officials of the Russian embassy."

Therefore it must be noticed by this court that this country has recognized and still continues to recognize Mr. Bakhmetieff as the representative of Russia, and has refused to recognize the Soviet Republic and also Mr. Martens as the representative of any Russian government. The court may not, as counsel for the libelants suggests, make an independent inquiry, for to do so, if counsel's hope prevailed, would be to recognize Martens while the State Department recognizes Mr. Bakhmetieff. The cases counsel refer to are entirely in harmony with these conclusions. No principle of general law is more universally asknowledged than the perfect equality of nations. All sovereign states, without respect to their relative power, are equal. Under this equality, whatever is lawful for the one is equally lawful for another, and whatever is unjustifiable in one is equally so in another. The refusal of the United States to recognize in any way the Soviet government is entirely consistent with its present manners of diplomacy. It is in harmony with its rights and requirements under the international law.

"It is a fixed habit of this government to hold no official intercourse with agents of parties in any country which stand in an attitude of revolution antagonistic to the sovereign authority in the same country, with which the

United States are on terms of friendly diplomatic intercourse." Memo. read by Mr. Steward to Mr. Corwin, Dip. Cor. 1865, III, 484.

"But the capacity of a state, in itself, for recognition, and the fact of recognition by other states, are two different things. Recognition is not an act wholly depending on the constitutionality or completeness of a change of government, but is not infrequently influenced by the needs of the mutual relations between the two countries. When radical changes have taken place in the domestic organization of the country, or when they seem to be contemplated in its outward relations, it is often a matter of solicitude with this government that some understanding should exist that the rights acquired by our citizens, through the operation of treaties and other diplomatic engagements, shall not be affected by the change. In other words, while the United States regard their international compacts and obligations as entered into with nations rather than with political governments, it behooves them to be watchful lest their course toward a government should affect the relations to the nation. Hence it has been the customary policy of the United States to be satisfied on this point, and doing so is in no wise an implication of doubt as to the legitimacy of the internal change which may occur in another state. The actual formula of recognition is unmistakable, and, short of that evident step, the diplomatic fiction of 'officious' intercourse, or 'unofficial' action, is elastic enough to admit of continuing ordinary intercourse, for the most part without rupture of any of its varied parts." Mr. Evarts, Secretary of State, to Mr. Baker, June 14, 1879, U. S. Inst. Venezuela, III, 67; Moore, Int. Law Dig. I, 151.

"Since the notable precedent of The Sapphire, 78 U. S. (11 Wall.) 164, 20 L. Ed. 127, the principle is firmly established in our courts that the rights and liabilities of a state are unaffected by a change either in the form or personnel of its government, however accomplished, whether by revolution or otherwise. No other doctrine is thinkable, at least among nations which have any conception of international honor. See, also, United States of America v. McRea, L. R. 8 Eq. 69; John Bassett Moore's Digest of International Law, vol. 1, p. 249, and also 251, quoting Secretary Bayard's instructions to the then American Minister to Peru (September 23, 1886)."

In Russia there has not been any change of sovereignty, nor has there been any change of government, recognized by any responsible sovereign state in the world. The fact that Great Britain has, for economic reasons, made an agreement, is but an unofficial recognition of the Soviet Republic by that country. This, however, is not an official political recognition of that republic. In the Ambrose Light Case (D. C.) 25 Fed. 410, it was held:

"Insurgents have strictly no legal rights, as against other nations until recognition of belligerent rights is accorded them. (3) Recognition of belligerency, or the accordance of belligerent rights to communities in revolt, belongs solely to the political and executive departments of each government. (4) Courts cannot inquire into the internal condition of foreign communities in order to determine whether a state of civil war, as distinguished from sedition or armed revolt, exists there or not. They must follow the political and executive departments, and recognize only what those departments recognize; and, in the absence of any recognition by them, must regard the former legal conditions as unchanged."

The same conclusions as here announced were arrived at in the Ninth Circuit. The Rogdai, 278 Fed. 294, decided May 25, 1920, by Judge Dietrich in the Northern District of California.

The Soviet Republic never having been recognized as a sovereign state by this government, it may not maintain this libel in the federal courts. Its alleged agent would have no better or greater rights than his principal. Therefore this exception to the libel must be approved.

Since it results in the dismissal of the libel, there is no necessity for considering the other exceptions which were filed.

Exceptions sustained; libel dismissed.