## REPUBLIC OF CHINA v. MERCHANTS' FIRE ASSUR. CORPORATION OF NEW YORK. SAME v. GREAT AMERICAN INS. CO.

Circuit Court of Appeals, Ninth Circuit.
January 14, 1929.

No. 5527.

W. Y. Char and H. D. Rodger, both of Shanghai, China, and Cullinan & Hickey and Eustace Cullinan, all of San Francisco, Cal., for appellant.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. The Republic of China commenced an action in the United States Court for China to recover a fire loss under a policy issued by the Merchants' Fire Assurance Corporation of New York to the Chinese Government Telephone Administration at Wuchang, a department of the Republic of China, covering a building occupied by the Telephone Administration. After the policy issued and after the fire loss occurred, the military forces of the national government captured the city of Wuchang and became the custodian of the policy and the property covered thereby. At the time of the commencement of this action, the National Government was in control in 15 of the 18

provinces of China, comprising about three-fourths of its total area, but had not as yet been recognized by the United States. The insurance company appeared specially in the court below, and filed a plea in abatement on the ground that the plaintiff was not the Republic of China, but was a revolutionary organization known as the National Government of China, unrecognized by the government of the United States of America, and was without legal capacity to sue. The plea in abatement was sustained, and from the judgment of dismissal this appeal is prosecuted.

The courts of this country cannot recognize the existence of a government which originates in revolution or revolt, until it has first been recognized by the political department of the government, and inasmuch as there had been no such recognition of the National Government of China at the time of the trial in the court below, it would seem to follow that that government had no existence in contemplation of law and no legal capacity to sue in the courts of this country. But since the trial below, there has been a material change in the situation, and of this change we must take judicial notice. Jones v. United States, 137 U. S. 202, 11 S. Ct. 80, 34 L. Ed. 691.

On July 25, 1928, the Envoy Extraordinary and Minister Plenipotentiary to China, appointed by the President of the United States, and the Minister of Finance, appointed by the National Government of the Republic of China, entered into a treaty of commerce; and while this treaty has not as yet been ratified by the Senate, it contains a clear recognition by the Executive Department of this government of both the National Government of the Republic of China and of its accredited representative. This recognition by the Executive Department would seem to satisfy the requirements of the law; but, if this is not enough, we have been advised by a telegram from the Secretary of State that the Minister Plenipotentiary and Envoy Extraordinary of the National Government of China has been officially received by this government, so that the recognition of the former is now settled beyond question. "Recognition is not necessarily express; it may be implied, as when a state enters into negotiations with the new state, sends its diplomatic agents, receives such agents officially, gives exequaturs to its consuls, forms with it conventional relations." Moore's Digest of International Law, p. 73.

The judgment of the court below must therefore be reversed. The appellant contends that it is entitled to a reversal and to a judgment in its favor; but with this latter contention we are unable to agree. The plea in abatement was sustained at the threshold, and the defendant was never called upon to answer to the merits.

The judgment will therefore be reversed, and the cause remanded for further proceedings. Inasmuch as the cause of reversal arose since the trial in the court below, the reversal will be without costs to either party.

A similar order will be made in Republic of China v. Great American Insurance Company, involving the same question and submitted on the same record.