SiNNOTT, Judge,
delivered the opinion of the court:
This matter comes before the court on defendant’s motion to quash plaintiff’s notice of September 19, 1928, to take the testimony of certain witnesses in Washington, D. C., and also to dismiss the petition.
It is stated in plaintiff’s brief:
“ The plaintiff in this case is a corporation and citizen of the Union of Soviet Socialist Republics. The plaintiff has alleged and now offers to prove that a citizen of the United States is or was accorded the right to prosecute claims against the said Russian Soviet Government in its courts or against the Kerensky government in the courts of that government.”
It is contended by defendant that this court is without jurisdiction, upon the ground that it is asked to admit evidence and upon that evidence judicially to determine a political question involving the recognition of the existence of the Union of Soviet Socialist Republics in Russia, and also the recognition of the existence of a judiciary therein, which questions the defendant contends onfy the executive branch of our Government is empowered to determine.
The right of aliens to sue in this court is provided for in the Judicial Code, as follows:
“ Sec. 155. Aliens who are citizens or subjects of any government which accords to citizens of the United States the right to prosecute claims against such government in its courts shall have the privilege of prosecuting claims against the United States in the Court of Claims, whereof such court, by reason of their subject matter and character, might take jurisdiction.”
Whether there- exists a government in Russia, known as the Union of Soviet Socialist Republics, is a question preliminary to the determination of the right of citizens of the United States to prosecute claims against such government in its courts.
It has been repeatedly held that, under our polity of government, the existence or nonexistence of governments is a - matter for the determination by the executive and not the judicial department of this Government. This doctrine is *34 well stated by the Supreme Court in Kennett v. Chambers, 14 How. 38:
“ It is a sufficient answer to the argument to say that the question whether Texas had or had not at that time become an independent State was a question for that department of our Government exclusively which is charged with our foreign relations. And until the period when that department recognized it as an indejiendent State, the judicial tribunals of the country were bound to consider the old order of things as having continued,, and to regard Texas as a part of the Mexican territory. And if we undertook to inquire whether she had not in fact become an independent sovereign State before she was recognized as such by the treaty-making power, we should take upon ourselves the exercise of political authority, for which a judicial tribunal is wholly unfit, and which the Constitution has conferred exclusively upon another department.
“ This is not a new question. It came before the court in the case of Rose v. Himely, 4 Cr. 272, and again in Gelston v. Hoyt, 3 Wheat. 324. And in both of these cases the court said that it belongs exclusively to governments to recognize new States in the revolutions which may occur in the world; and until such recognition, either by our own Government or the government to which the new State belonged, courts of justice are bound to consider the ancient state of things as remaining unaltered.”
See also United States v. Palmer, 3 Wheat. 610; The Nueva Anna, 6 Wheat. 193; Jones v. United States, 137 U. S. 202; The Penza, The Tobolsk, 277 Fed. 91; Russian Socialist Federated Soviet Govermnent v. Cibrario et al., 191 N. Y. S. 543; Lehigh Valley R. Co. v. State of Russia, 21 Fed. (2d) 396; Sokoloff v. National City. Bank, 199 N. Y. S. 355.
We take the following pertinent excerpts from the above cases:
“ All courts of justice are bound to take judicial notice of the territorial extent of the jurisdiction exercised by the government whose laws they administer, or of its recognition or denial of the sovereignty of a foreign power, as appearing from the public acts of the legislature and executive, although those acts are not formally put in evidence, nor in accord with the pleadings.” Jones v. United States, supra, p. 214.
“ The courts must follow and may not lead the executive. They have no authority to institute an original inquiry into *35 conditions of a foreign state of government. Which is a sovereign, de jure or de facto, of a territory is not a judicial but a political question for determination. But the legislative and executive department of any government by its decision or action binds the judicial.” The Penza, The Tobolsk, supra, p. 92.
“ It is equally a settled rule of law that the foreign relations of our Government are committed by the Constitution to the executive and legislative departments of our Government, and what is done by such departments is not subject to judicial inquiry or decision. * * * It is for the executive and legislative departments to say in what relations any other country stands toward it. Courts of justice can not make the decision.” Lehigh Valley R. Co. v. State of Russia, supra, p. 399.
“ It is also settled law that allegations in a pleading tending to show that a government is sovereign in character are not conclusive on demurrer, but that the court is bound to take judicial notice of the fact as it exists in reality. To enable it to correctly determine the fact, the courts may have recourse to such sources of information as they deem most trustworthy.” Russian Socialist Federated Soviet Republic v. Cibrario, 198 App. Div. 869, 191 N. Y. Supp. 543.
“ The Soviet Government of Russia has never been recognized by our Government; hence we may not ascribe any of the attributes of sovereignty to it. It follows that all the acts of that Government in contemplation of American courts are ineffective, without consent of the parties concerned, to create, transfer, or nullify legal obligations. So far as the defendant seeks to deduce such legal consequences from the decrees and activities of the Soviet Government, its defense is insufficient.” Sokoloff v. National City Bank, supra, p. 358.
“ Not only are the courts bound to take judicial notice of public matters, as before stated, which bear upon the question of our recognition of foreign sovereignties, but they have the right, where they are in doubt as to the facts, to call upon the Department of State for the necessary information.” Russian Socialist Federated Soviet Government v. Cibrario et al., supra, p. 541.
This court must take judicial notice of the fact that recognition has been denied by the Executive and the State Department to the Union of Soviet Socialist Republics in Russia. The right given an alien to sue the United States in section 155 of the Judicial Code, supra, is a great privilege — one arising out of comity between nations. We must *36 conclude that Congress, when it granted this great privilege to the subjects “ of any government ” according reciprocal rights to citizens of the United States, had in mind such governments as may be recognized by the proper authorities of the United States under our well-known polity of government.
Until the Union of Soviet Socialist Republics is so recognized this court has no jurisdiction over the case at bar, except to dismiss it. It is therefore ordered and adjudged. that plaintiff’s petition be, and the same is hereby, dismissed.
Green, Judge; Moss, Judge; Graham, Judge; and Booth, Chief Justice, concur.