## BANK OF CHINA v. WELLS FARGO BANK & UNION TRUST CO.

Nos. 12698, 12699.

United States Court of Appeals
Ninth Circuit.

July 30, 1951.

A. Crawford Greene, Morris M. Doyle and Owen Jameson, all of San Francisco, Cal., James B. Burke, New York City (McCutchen, Thomas, Matthews, Griffiths & Greene, San Francisco, Cal., Burke & Burke, New York City of counsel), for appellant Bank of China.

Lloyd W. Dinkelspiel, Martin Minney, Jr., Edward W. Rosston and Heller, Ehrman, White & McAuliffe, all of San Francisco, Cal., for appellee Wells Fargo Bank & Union Trust Co.

Robert W. Kenny, Los Angeles, Cal., Martin Popper and Wolf, Popper, Ross & Wolf, all of New York City, Benjamin Dreyfus, Francis J. McTernan, Jr., San Francisco, Cal., for movant appellee Bank of China.

Before HEALY, BONE and ORR, Circuit Judges.

PER CURIAM.

In these cases the District Court found that a satisfactory solution could not be reached on the evidence before it. That court, therefore, continued the causes sine die and entered the following order:

"1. That the trial of this cause will be continued sine die;

"2. That the said motion for summary judgment is denied without prejudice;

"3. That said motion for dismissal or in the alternative for substitution of attorneys is denied without prejudice;

"4. That the defendant is hereby permitted to deposit in the Registry of this Court the said sum of $626,860.07, subject to the further order of this Court pending a decision herein on the merits;

"5. That the defendant Wells Fargo Bank & Union Trust Co. shall be and it is hereby relieved of any and all claims for interest for use of the fund or because of its failure or refusal to pay said fund to plaintiff Bank of China or any other claimant thereto which may now or hereafter be asserted against it by plaintiff or any other claimant to said fund or any part thereof, upon condition that it deposit the sum of $626,860.07 in the Registry of this Court within ten (10) days from the date hereof;

"6. That upon the defendant's depositing said sum as provided in paragraph 5 hereof, it shall be and is hereby discharged of and from all liability in the premises either to plaintiff Bank of China or to anyone claiming through or on behalf of plaintiff, and plaintiff and all those persons now before this Court who are assertedly acting in the name of plaintiff are restrained from enforcing or attempting to enforce any claim or claims against said defendant relating to said sum of money or said deposit or from taking any proceedings against defendant in relation thereto;

"7. That there is reserved to defendant the right to assert against said fund and to prove its costs and attorneys' fees reasonably incurred in this action; * * *."
See 92 F.Supp. 920. This appeal is taken from that order.

In briefs and oral argument, the parties have made it clear that there is now available additional evidence of substantial significance. The District Court may deem it expedient to re-examine the case in the light of changing world conditions and such additional evidence as may be made available to it by the respective parties.

This court has the power to make such disposition of the case as justice may require. 28 U.S.C.A. § 2106; see Bryan v. United States, 1950, 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335; Schaff v. R. W. Claxton, 1944, 79 U.S.App.D.C. 207, 144 F.2d 532. We think the appropriate procedure to attain that end is to dismiss the appeals without prejudice and remand the causes to the district court. Cf. Greene v. United Shoe Machinery Co., 1 Cir. 1903, 124 F. 961.

It is so ordered.