556 F.2d 892
 1977-1 Trade Cases 61,478
 The REPUBLIC OF VIETNAM, Appellant,
v.
PFIZER, INC., American Cyanamid Company, Bristol-Myers
Company, Squibb Corporation, E. R. Squibb & Sons,
Inc., Olin Corporation and the Upjohn
Company, Appellees.
 No. 77-1093.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 17, 1977.
Decided June 15, 1977.
 
 James W. Schroeder, Washington, D. C., for appellant.
 John H. Morrison, Chicago, Ill., for appellees.
 Before GIBSON, Chief Judge, BRIGHT and HENLEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 In 1970, the Republic of Vietnam filed a complaint alleging that various American drug companies had acted in violation of the antitrust laws of the United States in selling broad spectrum antibiotics.[1] When an amended complaint was filed by the Republic of Vietnam in 1974, it could accurately describe itself as "a sovereign foreign state with whom the United States of America maintains diplomatic relations." One year later, however, the status of the Republic of Vietnam changed drastically, for in April 1975, the President of the Republic of Vietnam surrendered unconditionally to the military forces of North Vietnam. In July 1976, the former territory of the Republic of Vietnam was joined to that of North Vietnam and the resulting state was designated the Socialist Republic of Vietnam. Thus, the Republic of Vietnam, the plaintiff, is not simply moribund; it is defunct. The United States has not recognized the Socialist Republic of Vietnam and presently recognizes no government as the sovereign authority in the territory known formerly as South Vietnam.
 
 
 2
 In September 1975, defendants filed a motion to dismiss this action "on the ground that the plaintiff as named and described in the amended complaint no longer exists in any form recognizable by this Court and has not been succeeded by any government, entity or person that has capacity to sue in this Court." On December 2, 1976, the District Court, without opinion, dismissed the plaintiff's suit with prejudice. Plaintiff appeals.[2]
 
 
 3
 The law is well settled that a foreign government that is not recognized by the United States may not maintain suit in state or federal court. Guaranty Trust Co. v. United States, 304 U.S. 126, 137, 58 S.Ct. 785, 82 L.Ed. 1224 (1938). The recognition of foreign governments is a function of the executive branch and is wholly outside the competence of the judiciary. National City Bank v. Republic of China, 348 U.S. 356, 358, 75 S.Ct. 423, 99 L.Ed. 389 (1955). While executive action pertaining to the recognition or nonrecognition of a foreign government is binding on the courts, the courts are nevertheless free to determine the legal consequences of that executive action upon pending litigation. Guaranty Trust Co. v. United States, supra, 304 U.S. at 138, 58 S.Ct. 785. On occasion, suit has been brought by a foreign government recognized by the United States and, during the pendency of the action, diplomatic recognition of the party plaintiff has been withdrawn. Under these circumstances, courts have traditionally responded by either dismissing the action or suspending it sine die pending recognition of a new government by the United States.
 
 
 4
 Plaintiff contends that the District Court erred in dismissing this action with prejudice rather than suspending it in anticipation of recognition by the United States of a new government representative of the national sovereignty of Vietnam. Plaintiff argues that the facts of the present case bear great similarity to the facts of those cases where actions have been suspended. See Republic of China v. Merchants Fire Assurance Corp., 30 F.2d 278 (9th Cir. 1929); Dade Drydock Corp. v. The M/T Mar Caribe, 199 F.Supp. 871 (S.D.Tex.1961); Bank of China v. Wells Fargo Bank & Union Trust Co., 92 F.Supp. 920 (N.D.Cal.1950), appeal dismissed, 190 F.2d 1010 (9th Cir. 1951); Government of France v. Isbrandtsen-Moller Co., 48 F.Supp. 631 (S.D.N.Y.1943). Defendants contend that the cases relied upon by plaintiff are inapposite and cite as controlling those cases in which actions were dismissed. See The Penza, 277 F. 91 (E.D.N.Y.1921); The Rogdai, 278 F. 294 (N.D.Cal.1920); Russian Republic v. Cibrario, 235 N.Y. 255, 139 N.E. 259 (1923).
 
 
 5
 The aggregate authority cited by the parties simply establishes that a trial court faced with a suit in which diplomatic recognition of a plaintiff has been withdrawn is to exercise its sound discretion in deciding whether to suspend or dismiss the suit. That discretion will necessarily be exercised against the unique facts of each case and a trial court's decision to dismiss or suspend an action should not be set aside on appeal unless there has been an abuse of discretion. Plaintiff has failed to demonstrate any basis for holding that the dismissal of the present suit constituted an abuse of discretion.[3] When the District Court dismissed this action, the Republic of Vietnam, both as a state and as a government, had ceased to exist in law or fact and the United States had not recognized any government as the sovereign authority in the territory formerly known as South Vietnam.[4] Under these circumstances, the dismissal of plaintiff's suit did not constitute an abuse of discretion.
 
 
 6
 The judgment of the District Court is affirmed.
 
 
 
 [1]
 Other foreign governments have filed similar suits. A narration of the procedural history of both the present suit and those filed by other foreign governments is unnecessary here. For the background of these cases, see Pfizer, Inc. v. Government of India, 550 F.2d 396 (8th Cir. 1976), cert. granted, --- U.S. ----, 97 S.Ct. 1643, 52 L.Ed.2d 355 (U.S. April 19, 1977) (No. 76-749); Pfizer, Inc. v. Lord, 522 F.2d 612 (8th Cir. 1975), cert. denied, 424 U.S. 950, 96 S.Ct. 1422, 47 L.Ed.2d 356 (1976)
 
 
 [2]
 Appellate jurisdiction is premised upon 28 U.S.C. § 1291 (1970). In a motion for summary disposition filed pursuant to 8th Cir. R. 9(b), defendants contend that we lack jurisdiction to hear this appeal because the Republic of Vietnam does not exist in fact or law and thus is without standing to maintain the appeal. The District Court's dismissal of this case with prejudice was a final judgment which clearly aggrieved plaintiff. Plaintiff thus has standing to pursue this appeal, which falls within the purview of 28 U.S.C. § 1291. Accordingly, defendants' motion for summary disposition is denied. We note that other courts reviewing trial court dispositions of suits brought by foreign governments have not considered themselves bereft of appellate jurisdiction by diplomatic nonrecognition of the plaintiff. See Republic of China v. Merchants' Fire Assurance Corp., 30 F.2d 278 (9th Cir. 1929); Russian Republic v. Cibrario, 235 N.Y. 255, 139 N.E. 259 (1923)
 
 
 [3]
 Conversely, it could well have been an abuse of discretion not to dismiss the pending suit, for the antitrust claims presented in that suit were personal to the Republic of Vietnam and might not have survived its demise. Defendants contend that tort claims may not survive a change of sovereignty and that antitrust claims, by analogy, could suffer the same fate. See 1 D.P. O'Connell, State Succession in Municipal Law and International Law 206 (1967). In view of the District Court's dismissal of this action, we need not decide this point
 
 
 [4]
 The official position of the executive branch is set forth in a letter of June 9, 1975, from the Department of State to the Department of Justice: "The Government of South Vietnam has ceased to exist and therefore the United States no longer recognizes it as the sovereign authority in the territory of South Vietnam. The United States has not recognized any other government as constituting such authority * * *. The Department of State would not advise any requests to the Court to suspend, rather than dismiss, the proceedings."