**UNITED STATES of America, Appellee,**

**v.**

**PFIZER INC., American Cyanamid Company, Bristol-Myers Company, Olin Corporation, Squibb Corporation, E. R. Squibb & Sons, Inc., and the Upjohn Company, Appellants.**

No. 77–1088.

United States Court of Appeals, Eighth Circuit.

Submitted May 17, 1977.

Decided July 18, 1977.

Merrell E. Clark, Jr., New York City, for appellant, Bristol-Myers.

Julian O. von Kalinowski, Los Angeles, Cal., for all other appellants.

Barry Grossman, Appellate Sec., Antitrust Div., Dept. of Justice, Washington, D. C., for appellee; Donald I. Baker, Asst. Atty. Gen., Paul A. Owens, John J. Powers, III, and Edward S. Panek, Jr., Attys., Dept. of Justice, Washington, D. C., on brief.

Robert E. Cooper, Los Angeles, Cal., Joe A. Walters, Minneapolis, Minn., Lawrence J. Hayes, St. Paul, Minn., on brief for Pfizer Inc.

Samuel W. Murphy, Jr., New York City, Peter Dorsey, Minneapolis, Minn., on brief for American Cyanamid Company.

Henry J. Zafian, New York City, on brief for Bristol-Myers Co.

Allen F. Maulsby, New York City, on brief for Squibb Corp. and Olin Corp.

Roberts B. Owen, Washington, D. C., on brief for Upjohn Co.

Gordon G. Busdicker, Minneapolis, Minn., on brief for Bristol-Myers Co., Upjohn Co., Squibb Corp. and Olin Corp.

Before GIBSON, Chief Judge, and BRIGHT and HENLEY, Circuit Judges.

PER CURIAM.

Appellants-defendants, Pfizer Inc. (Pfizer), American Cyanamid Company (Cyanamid), Bristol-Myers Company (Bristol), Squibb Corporation (Squibb), and the Upjohn Company (Upjohn), appeal from an order [1] by the United States District Court for the District of Minnesota (Judge Miles W. Lord), granting the motion of the plaintiff, United States, that this case, having previously been tried to a jury until the district court declared a mistrial, should now be retried to the court alone. This order has been certified for appellate review pursuant to 28 U.S.C. § 1292(b). We

---

1. Administrative Order, No. 76–135 (filed Jan. 3, 1977) (unreported).

reverse and direct that the case be retried before judge and jury.

The history of this lengthy litigation has been related in other cases which have come before us. *United States v. Lord*, 542 F.2d 719, 720–23 (8th Cir. 1976); *Pfizer Inc. v. Lord*, 456 F.2d 532, 533–35 (8th Cir.), *cert. denied*, 406 U.S. 976, 92 S.Ct. 2411, 32 L.Ed.2d 676 (1972).[2] The district court gave the following procedural history leading to the Government's motion for a nonjury trial:

> [O]n July 15, 1969, the government filed the above action in the District of Columbia. The complaint contained three counts. Count I is an equitable claim for cancellation of the Conover Patent, the product and process patent on tetracycline. Count II, which the Court has since dismissed, see, e. g., *Memorandum and Order Granting Summary Judgment on Count II*, dated October 29, 1976, was a common law action of deceit originally against two of the principle defendants, American Cyanamid Co. and Pfizer, Inc. Count III is an antitrust count wherein it is alleged that all five defendants conspired to and did monopolize and restrain trade in the purchase and sale of broad spectrum antibiotics. On September 25, 1969, all of the defendants in the above action filed answers. *No demand for a jury trial was filed by any of the defendants within ten days as required by Rule 38, F.R.Civ.Pr. The government has never demanded a jury trial.* [Emphasis added.]

On January 30, 1970, the Judicial Panel on Multidistrict litigation transferred Counts II and III of the government's complaint to the Southern District of New York for coordinated pretrial proceedings. At that time, the panel denied a motion to transfer Count I. On May 17, 1971, Counts II and III of the United States Government's complaint, together with a large group of other nonsettling cases, were ordered transferred upon completion of discovery to the District of Minnesota, for trial pursuant to 28 U.S.C. 1404(a), see, *Administrative Order No. 71–5*, May 17, 1971. On July 20, 1971, Count I of the government's complaint was transferred to the District of Minnesota pursuant to Rule 1404(a). On August 4, 1971, the Court transferred Counts II and III to the District of Minnesota "effective immediately." See, *Administrative Order No. 71–10*.

After the transfer to Minnesota, defendants moved the Court for an order granting them a jury trial upon each Count of the complaint in which the defendant was named. The motion was briefed by all parties and taken under advisement by this Court.

The government has made three separate motions to amend its complaint. These motions were made on January 18, 1974, May 30, 1974, and August 25, 1975. The substance of the amendments will be discussed more fully *infra*. All the motions to amend were granted, and the government filed its third supplemental and amended complaint in October of 1975. In that same month, the defendants each filed amended and supplemental answers. Each amended and supplemental answer demanded a jury trial.

In November of 1974, this case plus five other cases were consolidated for trial. The other five cases all had timely demands for a jury trial by the defendants. Since the Court was required to try the other five cases to a jury, the government case was also to be a jury trial for Counts II and III. This Court reserved

**2.** We have also reviewed aspects of this litigation in the following cases: *Republic of Vietnam v. Pfizer, Inc.*, 556 F.2d 892 (8th Cir. 1977); *Pfizer, Inc. v. International Rectifier Corporation*, 538 F.2d 180 (8th Cir. 1976), *cert. denied*, 429 U.S. 1040, 97 S.Ct. 738, 50 L.Ed.2d 751 (1977); *Pfizer, Inc. v. Government of India*, 550 F.2d 396 (8th Cir. 1976), *cert. granted*, 430 U.S. 964, 97 S.Ct. 1643, 52 L.Ed.2d 355 (1977); *Pfizer Inc. v. International Rectifier Corporation*, Nos. 75–1089 & 75–1187 (8th Cir., Mar. 26, 1975); *Pfizer, Inc. v. Lord*, 522 F.2d 612 (8th Cir. 1975), *cert. denied*, 424 U.S. 950, 96 S.Ct. 1421, 47 L.Ed.2d 356 (1976); *In Re Fish & Neave*, 519 F.2d 116 (8th Cir. 1975); *Pfizer Inc. v. International Rectifier Corporation*, No. 74–1425 (8th Cir., July 26, 1974); *Pfizer Inc. v. Lord*, 456 F.2d 545 (8th Cir. 1972).

the right to determine at a time later in the trial whether Count I would be submitted to the jury.

On August 16, 1976, the Court declared a mistrial and discharged the remaining jurors. By this time, the United States Government was the only case remaining. The question presently before the Court is whether or not upon resumption of the trial the defendants are entitled to a jury. All parties are in agreement that the defendants did not make a timely demand pursuant to Rule 38(b) of the Fed. R.Civ.P. for a jury trial within ten days of the last pleading after service of the original complaint. [Footnotes omitted.]

The appellants, in seeking reversal, contend that (1) the decision not to demand a jury trial on issues raised by the complaint filed in the federal district court for the District of Columbia did not affect the rights of the appellants-defendants to demand a jury trial upon transfer of the case to Minnesota; (2) the district court for the District of Minnesota, having granted these drug companies a right to trial by jury, cannot now deprive them of that right; (3) the district court abused its discretion in denying appellants a jury trial under the circumstances of the case, and (4) appellants have preserved the right to a jury trial by appropriate demands made in answers responding to the Government's amended complaint.

The district court, in rejecting these contentions, emphasized that considerations of judicial economy require that retrial of this case should be by the court. The district court's opinion stated:

There has been one and a half years of trial already in this action. The issues are complex and difficult to understand. The Court has been exposed to them once, and has what it considers to be a good grasp of the evidence presented to date. The jury would have to be impaneled, educated, and as happened before, kept away from the publicity which has already caused one mistrial. Many of these problems could be avoided if this case is tried to the Court. A trial to the

Court will also significantly shorten the litigation and be a more effective exercise of judicial economy.

We find it necessary to address only the abuse of discretion issue, and hold that under the circumstances of this case the court should have denied the Government's motion for a bench trial.

The record in this case discloses that the district court has participated in settlement negotiations to an extraordinary degree. We documented, in an earlier case, the district court's role in initially dissuading the Government from entering into a settlement with the drug companies. *Pfizer Inc. v. Lord, supra*, 456 F.2d 532. In that case, these appellants unsuccessfully sought mandamus relief to disqualify the district judge. In denying relief, we noted that the district judge's comments may well "have unnecessarily shaken petitioners' [appellants'] confidence in his impartiality," *id.* at 544, but ruled that the cases would continue under the district court's aegis. Thereafter, the district judge continued to play an active and aggressive role in settlement negotiations, expressing strong opinions on the merits of the case and expressing his monetary evaluation of the Government's claims against these appellants, as well as his approval of the appraisal made by the court-appointed Masters.

■ In considering the challenge to the order here under consideration, we note that a presiding judge at a jury trial, in making settlement suggestions and comments, does no more than give the parties his educated guess as to what the jury might do. But at a bench trial, the trial judge who expresses his views of the merits and damages before completion of the case may well leave an impression of prejudgment and bias. Thus, the question of the propriety of remarks and actions by a judge in a court case is not at all the same as when the judge presides over a jury trial.

■ This court in *First Wisconsin National Bank of Rice Lake v. Klapmeier*, 526 F.2d 77 (8th Cir. 1975), recognized the policy of the law which favors settlement and

 

compromise of litigation. But in that case we made the additional observation that where the judge sits as a trier of fact, the judge should avoid recommending an actual settlement figure before or during trial. *Id.* at 80 n.6. And in *Pfizer Inc. v. Lord, supra,* 456 F.2d at 544, we were moved to restate the often repeated but nonetheless fundamental principle of justice that "[i]t is important that a litigant not only actually receive justice, but that he believe he has received justice."

This appeal does not present the question of actual bias by the trial judge, but only whether, under these circumstances, the district judge, having expressed strong opinions on the legal and factual issues of the case, may now assume the factfinding function in the trial. Should the ultimate award in this case favor the appellee-plaintiff in any amount or in an amount equaling or exceeding the opinions of value expressed by the district judge, the appellants-defendants would naturally feel that they had not been fairly treated. *See Rosenfield v. Vosper,* 45 Cal.App.2d 365, 114 P.2d 29 (1941).

The parties have not cited any case precisely on point. We believe that *Chanofsky v. Chase Manhattan Corp.,* 530 F.2d 470 (2d Cir. 1976), and *AMF Tuboscope, Inc. v. Cunningham,* 352 F.2d 150 (10th Cir. 1965), support our view that the district court, under the circumstances of this case, abused its discretion in ordering a trial by the court without a jury.

We have previously said that a fair settlement of this litigation will likely promote the overall public interest. But the process of attempting to reach a settlement, with the trial judge participating, may erode the right of any litigant to obtain a fair trial in fact as well as in appearance. The cause of judicial economy [3] does not override that fundamental principle.

In light of our affirmative disposition on the appellants' abuse of discretion contention, we do not reach appellants' other challenges to the order in question.

Reversed and remanded for further proceedings.

---

**3.** The trial court, in the statement quoted in text, *supra,* stated that a trial without a jury would "significantly shorten the litigation and be a more effective exercise of judicial economy."

No doubt a good deal of the testimony already received in the aborted first trial could be presented to the court at a bench trial in transcript form and in this way, and other ways, duplication could be avoided of trial time already expended. On the other hand, the court and the attorneys gained valuable experience by the first trial. The parties should cooperate with the court to the end that the jury receives only the germane, crucial evidence directed to the issues in this case, disregarding immaterial matters and testimony relating only to former parties-plaintiff whose cases have been settled. Thus, we believe that the court time before a jury will be of shorter duration than the initial trial effort.