Walter D. NEWRATH et al., trading as Corporation Audit Company, Appellants

v.

Harry W. SCHWARTZ, Appellee.

No. 16236.

United States Court of Appeals District of Columbia Circuit.

Argued May 3, 1961.

Decided May 25, 1961.

Mr. Jacob N. Halper, Washington, D. C., with whom Mr. Henry S. Snyder, Washington, D. C., was on the brief, for appellants.

Mr. Martin E. Gerel, Washington, D. C., for appellee. Mr. Lee C. Ashcraft, Washington, D. C., also entered an appearance for appellee.

Before FAHY, WASHINGTON and DANAHER, Circuit Judges.

FAHY, Circuit Judge.

In 1951 plaintiff-appellee entered into an arrangement with defendants-appellants, a partnership doing business as Corporation Audit Company. By the arrangement the plaintiff became either an employee of the partnership with compensation to be measured by a fixed sum and five per cent of certain profits or a partner in the firm to the same or greater extent. The arrangement terminated in 1956. Considering the relationship to have been that of a partner in which he had a five per cent interest in the business of the partnership over and above a drawing account, plaintiff sued defendants in the District Court to recover amounts which would be due if he were such a partner. Defendants denied that plaintiff was a partner and alleged that he was an employee who, as such, had been fully compensated.

The case came on for trial by jury. During the course of the trial the partnership relationship was practically conceded by defendants. They maintained, however, that plaintiff's five per cent participation was limited to the profits of the accounting and auditing aspects of the partnership, to the exclusion of certain other profitable activities.

The several issues to be decided were submitted to the jury on instructions which had been carefully formulated by the court with the assistance of counsel for plaintiff and defendants. The jury decided the issues in favor of plaintiff. A careful review of the evidence convinces us that though it left the issue as to the scope of the partnership somewhat inconclusive, nevertheless the evidence was sufficient to go to the jury for its resolution of that and all other issues.

Defendants moved in the District Court that since, as they asserted, the complaint was in equity the case should be tried solely by the court without a jury. We do not agree with this position; for though the litigation involved partnership problems as above indicated, the issues as submitted to the jury were as to the existence of a partnership and, if it did exist, as to its scope. These were issues which were properly submitted for determination by a jury verdict. Nelson v. Seaboard Surety Co., 8 Cir., 1959, 269 F.2d 882; Voils v. Newark Fire Ins. Co., D.C.W. D.Ky.1953, 113 F.Supp. 946.

Affirmed.[1]

---

1. After the verdict the determination of the amounts due was submitted by the court to the auditor of the court. His determination has not yet been made. One of the items thus submitted is the amount equal to five per cent of the difference in the accounts receivable between January 1, 1951 and December 31, 1956. This is not to be construed to permit the inclusion of any amounts otherwise distributed to plaintiff under his percentage participation.