**Robert Gordon BRITT, Plaintiff,**

v.

**KNIGHT PUBLISHING COMPANY, Defendant.**

**Civ. A. No. 66–237.**

United States District Court
D. South Carolina,
Rock Hill Division.

Sept. 5, 1967.

Henry Hammer and Isadore S. Bernstein, Columbia, S. C., for plaintiff.

David W. Robinson, Columbia, S. C., for defendant.

## ORDER

HEMPHILL, District Judge.

This is an action at law for libel, triable by jury as of right, and the matter before the court is plaintiff's motion to place the case upon the jury calendar from the nonjury calendar.

On May 4, after the action was begun, the defendant served his answer by mail. The next day he wrote a letter to the plaintiff asking that the answer be amended insofar as the word "repeats" should be changed to "reports".

The answer was received May 5 and the letter was received May 6.

Plaintiff made demand for a jury trial on May 18. Under Rule 38 a party is given ten days after the service of the last pleading directed to the issue: Rule 6(e) allows three more days where service is accomplished by mail. Failure to comply with the rules constitutes a waiver to trial by jury. Fed.R.Civ.P. 38(d). Plaintiff submits that the letter received May 6 was an amendment to the answer which extended the time for making demand for a jury trial so that his demand on May 18 would be timely. Under Rule 38 amendments or supplemental pleadings do not extend the time for making demand for jury trial except as to new issues raised by the new pleading. 2B Barron & Holtzoff, Federal Practice and Procedure section 878 (Wright ed. 1961) (see cases cited n. 85 and text accompanying). In this instance the issues were joined by the service of the answer and no new issues were raised by changing "repeats" to "reports". Waiver occurs in these circumstances even though failure to make timely demand is done through inadvertence or through negligence. 2B Barron & Holtzoff, Federal Practice and Procedure section 879 (Wright ed. 1961).

Rule 39(b) however provides that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of

 

right, the court in its discretion upon motion may order a trial by jury of any or all issues." Fed.R.Civ.P. 39(b). The commentary at 2B Barron & Holtzoff, Federal Practice and Procedure section 892 indicates that the relaxing of the time requirement is within the judge's discretion and that, although some cases require special circumstances excusing the default before the judge may exercise discretion, Id. at section 892 n. 21, the better rule is that there is no limitation on the judge's discretion, Id. section 892 n. 22. Cf. General Tire & Rubber Co. v. Watkins, 331 F.2d 192 (4th Cir. 1964), cert. denied 377 U.S. 952, 84 S.Ct. 1629, 12 L.Ed.2d 498 (1964).

█ This is an action at law seeking unliquidated monetary damages for libel. It is most efficaciously tried by jury. In view of the authorities above I am of the opinion that relief from the default is warranted.

The motion is therefore granted.

The Clerk will enroll the case upon the jury calendar.

The case is continued beyond the September 1967 term of the Rock Hill Division.

In accordance with 28 U.S.C. § 1292(b), the Court hereby certifies that it is of the opinion that the within order involves controlling questions of law as to which there are substantial grounds for difference of opinion and that an immediate appeal from the within interlocutory order of the Court may materially advance the ultimate termination of the litigation; and that either party should have the opportunity to apply to the Court of Appeals for the Fourth Circuit for permission for an appeal to be taken from such order if either should so desire. Should such application for an appeal be made by either party and such permission be granted by the Court of Appeals, then further proceedings in this case shall be stayed until a determination of the appeal.

And it is so ordered.