## FIRST WISCONSIN NATIONAL BANK OF RICE LAKE, Appellee,

v.

## James E. KLAPMEIER et al., Appellants.

## No. 75–1103.

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1975.

Decided Nov. 7, 1975.

Rehearing and Rehearing En Banc Denied Dec. 1, 1975.

---

Stuart W. Rider, Jr., Minneapolis, Minn., for appellant.

Joe Thrasher, Rice Lake, Wis., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, and LAY and HEANEY, Circuit Judges.

LAY, Circuit Judge.

Plaintiff, the First Wisconsin National Bank, sought recovery from defendants, the Klapmeiers, on personal guarantees

of a corporate indebtedness of $37,795.86 previously reduced to judgment against Leisure Research, Inc. in the Wisconsin state courts. The defendants were stockholders of the corporation. The defendants alleged that the guarantee agreement was fraudulently obtained[1] and counterclaimed for damages from alleged defamatory statements about the defendants. The case was tried to the court, the Honorable Irving Ben Cooper.* The trial court entered findings of fact to the effect that defendants were not induced to execute the personal guarantee by fraud or misrepresentation, and entered judgment in favor of the bank. The counterclaim was dismissed on the ground of failure to comply with the Wisconsin derivative action statute, Wis.Stat. § 180.405.

The defendants raise two issues on this appeal: (1) whether the trial court should have granted defendants a jury trial; and (2) whether defendants were denied a fair trial due to judicial misconduct.

The original complaint contained no demand for jury trial. On January 21, 1974, the defendants answered and counterclaimed. At that time the defendants made no demand for jury trial as required under Fed.R.Civ.P. 38(b).[2] On January 28, 1974, plaintiffs filed a reply to the counterclaim. On March 28, 1974, the parties agreed to a stipulation allowing defendants to amend their answer and counterclaim, and Judge Miles Lord entered an order allowing the amendment. On April 30, 1974, the amendment was filed by the defendants. The defendants added the following paragraph to their original answer:

> Admit and allege that on or about January 11, 1971, defendants signed a guarantee, copy of which is attached to the Complaint as Exhibit A, as part of a loan agreement entered into on or about October 21, 1970. Allege that their signatures upon said guarantee were fraudulently induced by representation of a material fact upon which defendants relied, which apparently was false, namely: that the guarantee would remain effective only until October 21, 1971 and thereafter would be null, void and of no legal force and effect. That by reason of said false representation made by and on behalf of plaintiff, which induced defendants to sign said guarantee, the guarantee itself was and is void in its entirety.

This was the first time an allegation of fraud or fraudulent inducement had been made in the litigation.[3]

The answer of April 30 also demanded a jury trial for the first time. Thereafter the plaintiff moved under Rule 12(f), Fed.R.Civ.P., to strike the demand as untimely. This motion was heard before Judge Lord, who voiced a strong inclination to allow a trial by jury, but reserved final judgment. Ultimately the case was transferred to Judge Cooper. Prior to trial, defendants argued to Judge Cooper that even if the demand for jury trial was untimely, the court in its discretion could still allow a jury trial on all issues under Rule 39(b).[4] The district court found that the demand was untimely

---

1. The essence of the defense was that, notwithstanding the written guarantee to the contrary, the bank and the defendants had orally agreed that the guarantee would terminate on October 21, 1971. The judgment against Leisure Research, Inc., the corporation, was not obtained until November 21, 1973.

* Senior Judge Cooper of the Southern District of New York was sitting by designation in the District of Minnesota.

2. Fed.R.Civ.P. 38(b) reads:

   Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor

in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party.

3. Fraud as a defense must be affirmatively pleaded. Fed.R.Civ.P. 8(c).

4. Fed.R.Civ.P. 39(b) reads:

   Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of

and refused to grant the defendants a jury trial.

■■ On appeal, defendants assert this was an abuse of discretion in reliance on *Swofford v. B & W, Inc.,* 336 F.2d 406, 409 (5th Cir. 1964), in which the Fifth Circuit stated:

> The right to a jury in a federal court as declared by the Seventh Amendment is a basic and fundamental feature of our system. And when the discretion of the court is invoked under Rule 39(b), the court should grant a jury trial in the absence of strong and compelling reasons to the contrary. See *Albert v. R. P. Farnsworth & Co.,* 5 Cir. 1949, 176 F.2d 198, 203.

Although we hold there was no abuse of discretion in denying a jury trial of the issues in the original pleading, we find that the demand was timely as to the new issue raised in the amended answer. Whenever new issues are raised by amendment to either the complaint or answer, a demand for jury trial as to those new issues may be made within ten days of the amendment under Rule 38(b). *Williams v. Farmers & Merchants Ins. Co.,* 457 F.2d 37, 38 (8th Cir. 1972); see *also,* 5 J. Moore, Federal Practice, ¶ 38.39 (2d ed. 1975).

We find the defendants' amendment to the answer substantially differed from their prior pleading by asserting for the first time the defense of fraud in the inducement. Under these circumstances we find that the right to trial by jury was timely asserted as to the amendment under the rule.[5]

The parties have not argued the issue in this manner in this court. The claim made here is that the court abused its discretion under Rule 39(b) in failing to grant relief from the untimely demand. Nonetheless, we feel the right to trial by jury is so fundamental that this court should acknowledge defendants' actual compliance with Rule 38(b) and allow the demand as a matter of right for the new issue raised. Rule 38(a) recognizes the right to a jury trial in this language:

> The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate.

We order a new trial on defendants' defense of fraud in the inducement raised in the amended answer. We are satisfied that defendants have not met the heavy burden resting upon them to demonstrate that the court abused its discretion in refusing a jury trial on the issues raised by the original pleadings. The jury trial shall be limited to the new issue raised by the amendment.

■■ In view of the requirement of a new trial, we need not reach the question of judicial bias.[6] We affirm dis-

---

right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

5. When the plaintiff stipulated to the filing of an amended answer and counterclaim the defendants did not endorse a written demand for a jury on the proposed pleading. After the court allowed the amendment, the defendants then added the written demand for a jury. Even if it might be contended that the stipulation to allow the defendants' amendment was conditional on the absence of a demand for a jury trial, we do not view the stipulation to allow the amendment as determinative of the right to amend the pleadings since federal courts liberally recognize the permissive right of a party to amend prior to trial under the federal rules. See Fed.R.Civ.P. 15(a).

Moreover, since the new issue of fraud was presented in the amended answer, defendants

had the *right* to demand a jury trial within 10 days of the filing of the amended answer. Thus, the fact that the jury demand was added to the new answer is of no significance.

6. The claim of judicial bias arises from the allegation that Judge Cooper attempted to "coerce" the parties to settle the case during trial. It is argued that when the defendants refused to accept Judge Cooper's proposed settlement figure the court became biased against the defendants and their counsel.

As indicated we do not decide this issue. The policy of the law has always been to promote and sustain the compromise and settlement of claims. We would add, however, that where the judge sits as trier of fact, the judge should avoid recommending an actual settlement figure before or during trial.

missal of the counterclaim since the defendants have not raised that matter on appeal.

Judgment of dismissal of the counterclaim is affirmed. The judgment in favor of the plaintiff is ordered vacated and the cause is remanded for a new trial on the new issue raised.