In re Jack E. PATTERSON dba Jack E. Patterson Builders dba Jack E. Patterson Construction Co. and Centre of Ohio Plaza–Partnership and Dora J. Patterson, Debtors.

Jack R. JENSEN and D. Ann Jensen, Plaintiffs,

v.

Jack E. PATTERSON et al., Defendants.

Adv. No. 2–80–0290.

United States Bankruptcy Court, S. D. Ohio, E. D.

Sept. 11, 1980.

Mark K. Merkle, Jr., Columbus, Ohio, for plaintiffs.

R. C. Gibbs, Columbus, Ohio, for debtors.

## ORDER ON MOTION TO DISMISS AND TO STRIKE JURY DEMAND

G. L. PETTIGREW, Bankruptcy Judge.

In this action, defendants have moved to dismiss paragraphs C and D of plaintiffs' Demand for Judgment for failure of plaintiffs' complaint to state a claim for relief. In addition, they have moved to strike the jury demand endorsed on plaintiffs' complaint. For reasons stated herein, both motions are denied.

Plaintiffs' complaint alleges that defendants Jack and Dora Patterson intentionally obtained money through false pretenses. In addition, they alleged that they defrauded plaintiffs in connection with a real estate transaction. The prayer to the complaint asks for judgment, a determination of nondischargeability of the debt, $20,000 compensatory damages and $20,000 punitive damages, together with attorneys fees and costs. Endorsed on the complaint is the plaintiffs' jury demand. Defendants contend that the complaint fails to state a claim for relief in which punitive damages and attorneys fees may be awarded. They further contend that plaintiffs' jury demand is insufficient to preserve the right to jury trial on issue so triable and that the complaint contains no allegations which give rise to a right to trial by jury.

Construing the complaint most favorably to the plaintiffs, as is required by defendants' motion, this Court finds that the complaint alleges two claims for relief. The first claim is for nondischargeability of a debt. The second claim is for recovery for defendants' fraudulent conduct.

■ While defendants properly argue that dischargeability is not an issue on which the plaintiffs have a right to jury trial, they are incorrect in their argument that plaintiffs do not have a right to a jury trial on the issue of fraud. Ohio courts have long recognized the right of a jury trial in an action for damages, based on fraud. § 2311.04 ORC; *Chapman v. Lee*, 45 Ohio St. 356, 13 N.E. 736 (1887); *Taylor v. Brown*, 92 Ohio St. 287, 110 N.E. 739 (1915).

■ Both punitive damages and attorney fees are available to the prevailing plaintiff in an action for fraud and deceit as a part of the judgment under Ohio law in the appropriate situation. *Roberts v. Mason*, 10 Ohio St. 277 (1859), app. and followed in *Saberton v. Greenwald*, 146 Ohio St. 414, 66 N.E.2d 224 (1946).

The plaintiffs' right to a jury trial was preserved under 28 U.S.C. § 1480. Rule 409(c) provides for a jury trial and requires only that the plaintiff demand trial by jury on issues triable of right by a jury. Interim Rule 4003 simply carries forward the law which denies a jury trial on the issue of dischargeability of a debt. Further, 4003 only relates to the provisions of 409(a), which specify the applicability of a jury trial in proceedings to determine dischargeability of a debt. No mention is made of fraud actions with regard to that rule.

To further complicate this matter, Local Interim Rule 9001 provides for the form of a jury demand. Specifications of issues are permitted, but are not mandatory. A party is informed that he *may* specify the issues to be tried by jury or "otherwise he shall be deemed to have demanded trial by jury for all the issues so triable." Rule 9001(b).

Rule 9001(b) is a verbatim statement of Rule 38(c) FRCP. The requirements of FRCP 38 are discussed in 5 Moore's Fed. Practice, 2d Ed., ¶ 38.40, p. 328:

"Pursuant to Rule 38(c), the demand may be as general: as 'Plaintiff demands trial by jury in this action' or the demand may specify the issues: as 'defendant demands trial by jury of the issues raised by the defendant's counterclaim and plaintiff's reply thereto.'"

The requirements of specificity of issues in a jury demand under Bankruptcy Rule 409(c) seem to conflict with those of Interim Rule 9001. However, in *Matter of Copeland*, 412 F.Supp. 949 (D.Del.1976), the court deals with the problem of a jury demand that does not specify issues to be tried pursuant to Bankruptcy Rule 409(c):

"Counsel for the debtor also argues that the lack of specificity in the demands for jury trials endorsed upon creditor's applications for determinations of dischargeability render them void. He supports this argument by reference to Bankruptcy Rule 409, which requires that a party 'specify the issues which he wishes to be so tried.' The Court declines to find a waiver by the creditor in light of their obvious intention to preserve whatever jury trial right was available at the time when the legal efficacy of this Court's ruling on the applicability of the Dischargeability Act was on Appeal." at 955.

It is clear that the court in *Copeland* is recognizing a jury demand that may be general in its language, but specific in its request to have issues tried by jury. It is the rationale in *Copeland* which compels this Court to recognize the plaintiffs' jury demand in this action.

■ The Bankruptcy Reform Act of 1978 provides for a right to a jury trial under 28 U.S.C. § 1480(a). The plaintiffs properly demanded a jury trial on issues triable by a jury. Defendants contend that by failure to specify the issues to be tried to a jury, the jury demand is defective and should be stricken. That argument cannot be upheld. The right to jury trial is highly regarded in American jurisprudence. The Bankruptcy Reform Act of 1978 codified and preserves the right to a jury trial. Therefore, failure to state the *specific* issues to be tried by a jury is not a fatal defect which defeats the plaintiffs' right to demand a jury.

Wherefore, the motion to dismiss for failure to state a claim and the motion to strike plaintiffs' jury demand is denied.

IT IS SO ORDERED.