In re FIRST FINANCIAL GROUP OF TEXAS, INC., Debtor.

Theo W. PINSON, Trustee, Plaintiff,

v.

Vining Towner REYNOLDS and wife Ima J. Reynolds, Defendants.

Bankruptcy No. 79–00744–HB.

Adv. No. 80–0712–HB.

United States Bankruptcy Court, S. D. Texas, Houston Division.

May 12, 1981.

O. W. Bussey, Jr., Houston, Tex., for trustee/plaintiff.

Rhett G. Campbell, Houston, Tex., for defendants.

## MEMORANDUM OPINION

JOHN R. BLINN, Bankruptcy Judge:

This case began October 5, 1979, with the filing of an involuntary petition under Chapter 7 of the Bankruptcy Reform Act of 1978 [1] against First Financial Group of Texas, Inc. ("Debtor"). The Debtor filed a Motion to Dismiss which was denied and an order for relief entered. The Debtor appealed but the Court, ruling that a denial of dismissal of an involuntary filing was interlocutory in nature and not appealable, dismissed the Notice of Appeal.

This adversary proceeding began with the filing of a Complaint on December 17, 1980, by the Trustee. The Trustee sought to have the Court impose a constructive trust upon certain real property held by Defendants, alleging Mr. Reynolds while an officer and fiduciary of Debtor used corporate funds to purchase a personal residence currently occupied by Defendants.

Defendants filed Answers on February 13, 1981 seeking dismissal under Rule 12(b)(6), denying all allegations save their address and the jurisdiction of this Court and demanding a jury trial of all disputed issues pursuant to 28 U.S.C.A. § 1480(a).[2] Subsequent to a pretrial conference but timely Plaintiff filed an objection to Defendants' demand for a jury trial. The Court has not yet ruled on the Motion to

---

1. For clarity, the Bankruptcy Act of 1898 will be referred to as "the Act" and the Bankruptcy Reform Act of 1978 will be referred to as "the Code".

2. 28 U.S.C.A. § 1480 provides:

§ 1480. Jury trials.

a) Except as provided in subsection (b) of this section, this chapter and title 11 do not affect any right to trial by jury, in a case under title 11 or in a proceeding arising under title 11 or arising in or related to a case under title 11, that is provided by any statute in effect on September 30, 1979.

b) The bankruptcy court may order issues arising under section 303 of title 11 to be tried without a jury.

Obviously § 1480(b) is not applicable to this proceeding.

Dismiss; whether Defendants are entitled to a jury trial in this adversary proceeding is the question examined in this opinion.

■ Both parties look solely to § 1480 of the Code as authority for their position, although Plaintiff's "literalist" position obviously requires a more limited interpretation of that Section than that of the Defendants. Plaintiff argues § 1480 means the only situation giving rise to a right to a jury trial is that provided by statutes in effect prior to the effective date of the Code, specifically Sections 17 and 19 of the Bankruptcy Act and certain other federal statutes none of which are here applicable. As precedent Plaintiff cites *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966). In *Katchen* the Supreme Court held notwithstanding the Seventh Amendment guaranty of a trial by jury, the equitable nature of bankruptcy courts placed very narrow limits on that right. Without question the *Katchen* rule played an important role in the legislative process leading to the enactment of § 1471 [3]

and § 1480 of the Code and one must understand the historical perspective of the Act to understand § 1480.

*Katchen* and its progeny [4] often necessitated lengthy and complicated litigation before any consideration of the merits of cases could begin. Through this process was determined whether the proceeding was a summary or plenary matter,[5] a decision on which turned the parties' entitlement to a jury trial.

Several recent Code cases support Plaintiff's argument imposing the *Katchen* procedure on § 1480. *In re Lafayette Radio Electronics Corporation*, 7 B.R. 187 (Bkrtcy., E.D.N.Y.1980); *In re G.S.F. Corporation*, 7 B.R. 807 (Bkrtcy., D.Mass.1980). These cases would restrict § 1480 to its literal terms: the right to a jury trial must be found in statutes. The inevitable result would be a more restricted right to trial by jury in bankruptcy courts than in other federal courts, a result which ignores the spirit, purpose and legislative history underlying the enactment of the Code and is

3. 28 U.S.C.A. § 1471 is the jurisdiction provision of the Code. It provides:

§ 1471. Jurisdiction

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

(d) Subsection (b) or (c) of this section does not prevent a district court or a bankruptcy court, in the interest of justice, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise.

(e) The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property wherever located, of the debtor, as of the commencement of such case.

4. For example, *In re Dolly Madison Industries, Inc.*, 504 F.2d 499 (3rd Cir. 1974); *In re Merrill*, 594 F.2d 1064 (5th Cir. 1979).

5. "Summary" and "plenary" have been defined repeatedly (but not well) by courts attempting to resolve the question of the existence of a right to trial by jury. *See e. g., In re Alan Wood Steel Co.*, 1 B.R. 167 (Bkrtcy., E.D.Pa. 1979); *In re Ireco Industries, Inc.* 2 B.R. 76 (Bkrtcy., D.Ore.1979); *Central Republic Bank & Trust Co. v. Caldwell*, 58 F.2d 721 (8th Cir. 1932); *In re Park East Corp.*, 470 F.Supp. 147 (S.D.N.Y.1979); *MacDonald v. Plymouth County Trust Co.*, 286 U.S. 263, 52 S.Ct. 505, 76 L.Ed. 1093 (1932). Fifth Circuit cases have defined summary as proceedings initiated without a formal summons and complaint, often ex parte, and with informal notice requirements ordered by the court rather than prescribed by rule or statute. *D. E. Jackson v. Moore*, 348 F.2d 437 (5th Cir. 1965); *Atlanta Flooring & Insulation Co., Inc. v. Russell*, 146 F.2d 884 (5th Cir. 1945); *Irby v. Corey*, 95 F.2d 963 (5th Cir. 1938); *Auten v. Piske*, 24 F.2d 626 (5th Cir. 1928). It would follow that plenary actions require a formal summons and complaint, and a full hearing. *Id.*: 1 *Collier on Bankruptcy* ¶ 23.02 (14th ed. 1978). As can be seen the impact of the Rules of Bankruptcy Procedure (requiring "formal summons and complaint" in certain instances) further muddies these already unclear waters.

therefore rejected by this Court as untenable.

Fundamental to the development of the Code was the elimination of the morass of litigation spawned by the summary/plenary distinction of *Katchen.* S.Rep.No.989, 95th Cong., 2d Sess. at 17 (1978); H.Rep.No.595, 95th Cong., 2d Sess. at 449 (1978), U.S.Code Cong. & Admin.News 1978, 5787; *In re Aurora Cord & Cable Co., Inc.,* 2 B.R. 342 (Bkrtcy., N.D.Ill.1980). This issue is particularly well-addressed by Judge Freeman of the District Court sitting as an appellate court in *In re Fleming,* 8 B.R. 746 (N.D.Ga. 1980). After noting the limited jurisdiction of the bankruptcy courts under the Act, he emphasizes the difference in ascertaining whether a right to a jury trial exists in a Code case as compared to an Act case.

If the pre-Code analytical process were to be applied under the Code, it would be necessary to determine "whether, under the Bankruptcy Act, the proceeding would have been summary or plenary and then, (2) if plenary, would it have been brought in State of (sic) Federal court and then, (3) would there have been a right to a jury trial under applicable state or federal law." 1 *Collier on Bankruptcy* ¶ 3.01(c)(i) (15 ed. 1980). By expanding the jurisdiction of the bankruptcy courts, Congress attempted to abolish the distinction between plenary and summary proceedings and to guarantee that all issues raised by the bankruptcy proceeding would be heard in a federal forum. *See* 28 U.S.C. § 1471(b)–(c); H.R.Rep.No.595, 95th Cong., 1st Sess. 445 (1977). Hence, the first two steps in the above analysis are unnecessary. Further, since federal law governs the availability of jury trial in a federal forum, the sole inquiry now is whether the Seventh Amendment to the United States Constitution provides a right to jury trial on the contested issues. 8 B.R. at 747–748.

Soon after the passage of the Code, the nature of the right to jury trials provided in the Code was thoroughly examined. *See,* Levy, *Trial by Jury Under the Bankruptcy Reform Act of 1978,* 12 Conn.L.Rev. 1 (1979). This analysis on the construction of § 1480 presented the two possible but divergent views now argued by the parties: either § 1480 of the Code continues the same right in the same manner as existed under the Act, or the right to jury trial continues, but differently, under the Code.

Professor Levy reasons the many years of debate, discussion and thought which the Code represents cannot mean Congress intended to continue *Katchen* and its accompanying summary/plenary baggage. Moreover, the Congressional grant of similar powers and jurisdiction to bankruptcy courts in § 1471 as other federal trial courts clearly cannot be interpreted as an intention to continue the earlier and now obsolete conception of bankruptcy courts. *Id.* at 6, 7. To correctly follow the intent of Congress underlying § 1471, § 1480 must be interpreted as providing the same right to jury trial in bankruptcy courts as that right exists in other federal courts. *Id.*

As obsolete distinctions and limitations have been rejected by Congress in the Code, so should they be by the courts. But *Lafayette* and *G.S.F. Corp.* fail to acknowledge these changes. Their view contravenes the efficient disposition of bankruptcy matters Congress envisioned by enactment of the Code.

The extent of the right to a jury trial in this context is to some extent compounded by the absence of a specific bankruptcy procedural rule. But despite the absence of a bankruptcy rule the Federal Rules provide appropriate guidance. Rule 38 explicitly confers the right to jury trials in cases at law. Fed.R.Civ.P. 38. Section 1480 continues that right under the Code. *In re Patterson,* 6 B.R. 149, 6 B.C.D. 969 (Bkrtcy., S.D.Ohio 1980).

The key to the right to a jury trial in the Federal Rules is the nature of the cause of action. Pursuant to the broad powers granted in § 1471, the same principles which govern jury trials in district court logically apply to bankruptcy courts. 12 Conn.L.Rev. at 10. Thus, the right to jury trials under the Code must be determined by the nature of the cause of action and not by the historical nature of the court. *In re Frank Meador Buick, Inc.,* 8 B.R. 450, 7 B.C.D. 416 (Bkrtcy., W.D.Va.1981).

Using the test of the nature of the cause of action [6] as determinative of whether the issues are triable by right by jury, the Court finds that Defendants are not entitled to a jury trial since the remedy sought—the imposition of a constructive trust—is purely an equitable remedy and equitable remedies are not triable of right by a jury. Rule 39(c) specifically grants the courts discretionary power to order a jury trial where issues are not triable of right by a jury. Fed.R.Civ.P. 39(c). However, the Court further declines to exercise its discretion under Rule 39(c). For these reasons, Defendants' demand for a jury trial in this context is DENIED. An Order striking the Defendants' jury demand is being entered this date.

---

**6.** "Nature of the cause of action" must refer to the nature of the remedy and not the relative complexity of the case. One case, however, reveals a reluctance to grant a jury trial where complex issues are involved. *See, In re Chateau Royal Corporation,* 4 B.C.D. 930 (S.D.Fla. 1978). But neither the Code nor its legislative history limit the right to trial by jury, especially on such a basis.

An important right cannot depend upon the number of issues involved in a case. Nor is there evidence a judge is more competent than a jury panel to sift through complicated evidence to arrive at a correct decision. Juries have consistently illustrated their extraordinary ability to reach the heart of complex matters and render a just verdict in diverse contexts. In this state the right to a jury trial has historically been regarded as precious and has been jealously guarded by Texas statutes, bench and bar. Although the forum differs, the value of a jury trial and the principles underlying the conception of a trial by jury in American jurisprudence do not.