John J. Hunter, Toledo, Ohio, pro se.

Richard R. Huber, Oberlin, Ohio, for defendant.

**In re Larry Alan BECK, Peggy Anne Beck, Debtors.**

**John J. HUNTER, Trustee, Plaintiff,**

**v.**

**S.K. AUSTIN CO., dba Austin Power Equipment, Defendant.**

**Bankruptcy No. 81–01584.**
**Adv. No. 81–0895.**

United States Bankruptcy Court,
N. D. Ohio, W. D.

July 22, 1982.

### ORDER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court on the question of Defendant's right to a trial by jury on the issues raised by the pleadings herein. The Court concludes that whatever right, if any, Defendant had to a trial by jury was waived by virtue of its failure to timely assert the same and, therefore, the demand for jury trial should be stricken from Defendant's answer.

This matter was initiated by the Trustee's complaint of December 4, 1981 to set aside an assertedly preferential transfer from Debtor to Defendant. Alternatively, the Trustee asserted that the same circumstances constituting the alleged preferential transfer stated a cause of action in conversion. Defendant filed an answer to the complaint on January 25, 1982 and then, with leave of Court, filed an amended answer and counterclaim on April 20, 1982. The Trustee then filed a reply to the Defendant's April 20, Amended Answer and Counterclaim on May 4, 1982. To this point in time the Defendant, in either pleadings or orally at pre-trial conference, had failed to assert any right to jury trial.

On May 7, 1982 the Trustee sent to the Court correspondence citing the need to file an amended complaint to correct the erroneous designation of the Defendant's name

in the original complaint from "Austin Power Equipment" to the "S. K. Austin Company". An "Amended Complaint" was subsequently filed on May 10, 1982 in which, in addition to changing Defendant's corporate name to correct the deficiency previously noted, the Trustee altered the content of the factual allegations supporting the complaint without changing the nature of the causes of action asserted. No leave to amend the original complaint was ever formally sought nor granted as required by the second sentence of Rule 15(a) Fed. R. Civ. P.

On June 1, 1982 Defendant filed an "Answer to Amended Complaint, Counterclaim and Jury Demand Endorsed Thereon" to the Trustee's May 10, 1982 "Amended Complaint". The Trustee then filed a reply to the counterclaim asserted in Defendant's June 1, 1982 pleading.

Due to the complexity of the issues raised by Defendant's jury demand, on June 18, 1982, the Court ordered Defendant to file a brief in support of its jury demand by June 25, 1982 directing its' attention to both the timeliness of the jury demand under Interim Rule 9001 and the substantive right to a jury trial, if any, which exists under 28 U.S.C. Section 1480(a). Despite the granting of an extension to July 13, 1982 in which Defendant might file a brief in support of its' jury demand, nothing had been received by the Court as of July 19, 1982. Trial is this matter is scheduled for July 22, 1982.

The procedural question of the timeliness of the jury demand to one side, the question of Defendant's substantive right to a jury trial under 28 U.S.C. Section 1480(a) raises a variety of difficult questions both to the extent of the right granted and the mode of its determination. *See e.g., Hadar Leasing International Co. v. D.H. Overmeyer Telecasting Co.,* 18 B.R. 107 (Bkrtcy N.D. Ohio 1982); *Belfance v. Sizzler Family Steake Houses,* 16 B.R. 445 (Bkrtcy. N.D. Ohio 1982); *In re Newman,* 14 B.R. 1014, 8 B.C.D. 328 (Bkrtcy. S.D. N.Y. 1981); *Wood v. Otis,* 13 B.R. 279, 4 C.B.C.2d 1333 (Bkrtcy. N.D. Ga. 1981); *Pinson v. Reynolds (In re*

*Trust Financial Group of Texas, Inc.),* 11 B.R. 67, 7 B.C.D. 896 (Bkrtcy. S.D. Tex. 1981). Further uncertainty to this already confused area was recently added by the decision of the United States Supreme Court in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, ——, 102 S.Ct. 2858, 2880, 73 L.Ed.2d 598 (1982), concluding that the broad grant of jurisdiction to the bankruptcy courts contained in Section 241(a) of the Bankruptcy Reform Act of 1978, of which 28 U.S.C. Section 1480 is a part, is unconstitutional but staying the effect of its' judgment until October 4, 1982. These difficult questions are avoided, however, by this Court's determination that whatever right to a jury trial Defendant had was waived by Defendant's failure to timely assert the same pursuant to Interim Rule 9001(a).

Interim Rule 9001 provides in relevant part that:

> (a) Demand. Any party may demand a trial by jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the case or proceeding and not later than 10 days after the service of the last pleading directed to such issue. The demand may be indorsed on a pleading of the party.
> . . . .
> (c) Waiver. The failure of a party to serve a demand as required by this rule and to file it as required by Rule 509 constitutes a waiver by him of trial by jury. a [sic] demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.

Defendant was required then to serve a written demand upon Plaintiff "not later than 10 days after the service of the last pleading directed to such issue". This, it failed to do.

Defendant demands a jury trial on all issues raised by its answer and counterclaim. The last pleading directed to these issues could only be the Trustee's May 4, 1982 reply to the counterclaim asserted in Defendant's amended answer filed with leave of court on April 20, 1982. This would permit the parties ten days from

May 4, 1982, plus 3 days for mailing, *see* Rule 6(e) Fed. R. Civ. P., making Defendant's jury demand untimely if served later than May 17, 1982. In the present case, Defendant's jury demand was filed by virtue of its endorsement on Defendant's "Answer to Amended Complaint, Counterclaim and Jury Demand Endorsed Thereon" filed June 1, 1982, clearly beyond the May 17, 1982 deadline. Pursuant to Interim Rule 9001(c) this constituted a waiver by Defendant of any right it had to trial by jury.

The pleadings filed in this case subsequent to May 4, 1982 cannot be held to extend the May 17, 1982 deadline previously established. More specifically, the Trustee's May 10, 1982 "Amended Complaint", not filed as of right or with leave of Court pursuant to Rule 15(a) Fed. R. Civ. P., the June 1, 1982 "Answer to Amended Complaint, Counterclaim and Jury Demand Endorsed Thereon" filed by Defendant, and the Trustee's June 4, 1982 "Answer to Counter-Claim", more properly denominated a "reply", *see* Rule 7(a) Fed. R. Civ. P., raised no new issues which could revive whatever right to a jury trial Defendant had previously waived on the issues already framed by the pleadings filed on or before May 4, 1982. *See generally* 9 C. Wright & A. Miller, Federal Practice and Procedure Section 2320 (1971) (Construing Rule 38 Fed. R. Civ. P. from which Interim Rule 9001 is adapted). The Trustee's May 10, 1982 amended complaint, and the pleadings filed subsequent thereto, although varying in some minor particulars from the original pleadings filed on or before May 4, 1982, failed to raise any new issues. They thus cannot extend the previously determined May 17, 1982 deadline. *Id.*

Finally, neither Rule 9001 nor any of the other provisions of the bankruptcy rules permits the Court to grant Defendant relief from waiver as does Rule 39(b) Fed. R. Civ. P. Furthermore, even if the Court did have some discretion to grant relief, under the circumstances of this case, considering the timing of the motion, and the effect a jury trial would have on the Court's docket and the orderly administration of justice, *see Malbon v. Pennsylvania Millers Mutual Insurance Co.*, 636 F.2d 936, 940 n. 11 (4th Cir. 1980), the Court, in the exercise of its sound discretion, is not persuaded that relief from waiver is appropriate.

For the foregoing reasons, it is hereby,

ORDERED that Defendant's jury demand be stricken from its "Answer to Amended Complaint, and Jury Demand Endorsed Thereon" and that this case be tried to the Court without a jury.