In the Matter of ENERGY CONTROL SYSTEMS OF THE MIDWEST, INC., Debtor.

ENERGY CONTROL SYSTEMS OF THE MIDWEST, INC., Plaintiff,

v.

COM/ENERGY PRODUCTS CO., INC., a foreign corp.; and New England Gas and Electric Association, Inc., a foreign corp., Defendants.

Adv. No. 81–0143.

United States Bankruptcy Court, W. D. Wisconsin.

Oct. 14, 1982.

Stephen J. Meyer, Van Metre, Hanson, Clarke, Schnitzler & Meyer, Madison, Wis., for plaintiff.

Joseph J. Mihalek, Fryberger, Buchanan, Smith & Frederick, P.A., Duluth, Minn., for defendants.

## DECISION

ROBERT D. MARTIN, Bankruptcy Judge.

On July 8, 1981, Energy Control Systems of the Midwest began this adversary proceeding by filing a complaint which named Com/Energy Products Co., Inc. (Com/Energy) and New England Gas and Electrical Association (NEGEA) as defendants. The complaint contained causes of action for fraud and breach of contract. No request for a jury trial was made in the complaint, but plaintiff's attorney did mark a box on the bankruptcy cover sheet indicating that a jury trial was requested. This cover sheet is retained in the bankruptcy court file and is not served on the parties. On August 11 defendants filed an answer and counterclaim, and on August 19 the reply to the counterclaim was filed. In none of these documents was reference made to a jury trial.

The defendants moved to dismiss the suit against Commonwealth Energy System, formerly known as New England Gas and Electric, for failure to state a claim on which relief could be granted. The motion, supporting affidavit and memorandum claimed the complaint did not allege any basis for Commonwealth Energy System's liability for Com/Energy's actions. The motion to dismiss was granted on December 7, 1981, with leave to amend. The amended complaint was filed on January 28, 1982. This complaint added a cause of action which alleged the basis for Commonwealth Energy System's liability for Com/Energy's actions. No answer to the amended complaint has ever been filed.

On March 8 a motion for more definite statement was filed. The motion alleged that the cause of action added by plaintiff's amended complaint was so vague that a responsive pleading could not be framed. The motion for more definite statement was denied on April 6, 1982.

On April 9, 1982, plaintiff filed a demand for a jury trial, "pursuant to Rule 38(b)" on all issues in the adversary proceeding. On April 14, 1982, defendants objected to the request for a jury trial as not timely. No response was filed to this objection.

Requests for a jury trial in bankruptcy cases are governed by Interim Rule 9001, which is identical to Rule 38(b) of the Federal Rules of Civil Procedure.[1] Rule 9001 provides:

(a) *Demand.* Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the case

---

1. It should be noted that neither the Rules of Bankruptcy procedure nor the Interim Rules adopt Rule 38(b) of the Federal Rules which permits the court to grant an untimely jury demand in its discretion.

or proceeding and not later than 10 days after the service of the last pleading directed to such issue. The demand may be indorsed on a pleading of the party.
(b) *Specification of Issues.* In his or her demand a party may specify the issues which he or she wishes so tried; otherwise he or she shall be deemed to have demanded trial by jury for all the issues so triable. If he or she has demanded trial by jury for only some of the issues, any other party within 10 days after service of the demand or such lesser time as the court may order, may serve a demand for trial by jury of any other or all of the issues of fact in the action.
(c) *Waiver.* The failure of a party to serve a demand as required by this rule and to file it as required by Rule 509 constitutes a waiver by him or her of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.

■ Because Interim Rule 9001 and Rule 38(b) are identical, it is appropriate to use cases construing Rule 38(b) to help interpret Rule 9001, particularly as there appear to be no cases on point construing Rule 9001. *See In Re Patterson,* 6 B.R. 149, 6 B.C.D. 969 (Bkrtcy.S.D.Ohio 1980).

■ The first issue to address is whether plaintiff's act in checking the box marked "jury trial requested" on the bankruptcy case cover sheet constitutes a demand for jury trial which meets the requirements of Rule 9001. Rule 9001 requires that the party requesting the jury trial serve his demand for a jury trial on the other parties. As noted earlier, the bankruptcy cover sheet is not served on the parties, but is retained by the court. Thus, the requirement of notice of the jury demand is not met. The court in *Omawale v. WBZ,* 610 F.2d 20 (1st Cir. 1979) used this reasoning to deny a request for a jury trial where the defendant had marked the civil cover sheet.
Mr. Omawale contends that by checking a box on the Civil Cover Sheet indicating that a jury demand had been made he satisfied the requirements of Rule 38. However, the notation on the Cover Sheet is not a substitute for the service of written notice on the defendants required by the Federal Rules. *See also Biesenkamp v. Atlantic Richfield Co.,* 70 F.R.D. 365 (E.D.Pa.1976).

■ On April 9, 1982, plaintiff did serve a written demand for a jury trial on the other parties. There appears to be no issue as to the sufficiency of this demand; the timeliness, however, is in dispute. Rule 9001 requires that the demand for a jury trial on any issue be made "not later than 10 days after the service of the last pleading directed to such issue." In the instant case, the last pleading directed at any issue was the amended complaint, filed on January 28, 1982. As the demand for the jury trial was not made in the required form until April 9, 1982, it appears that the jury demand was not timely.

■ The jury demand in the instant case, however, was made within the time that an answer to the amended complaint could have been filed, although defendants chose not to file such an answer. This is because the motion for more definite statement filed by defendants had the effect under Bankruptcy Rule 712(a) of extending the time for filing an answer until five days after the motion was denied and notice given of the court's action. The court denied the motion for more definite statement on April 6, and the defendant's answer could have been filed until April 11. Thus, plaintiff's April 9 jury trial demand fell within the time an answer could have been filed and, had an answer been filed, would have been timely as to the issues raised in the amended complaint. The key question then is, must an answer actually have been filed for the demand to have been timely, or is it enough that the jury demand was filed during the time an answer could have been filed? The language of the Rule indicates that the former approach is correct. The Rule speaks of service of the last pleading as the date from which the ten-day period runs. If the drafters of the Rule had wished the period to run from the last day that a pleading could have been served, it would have been a simple matter to have done so.

However, the Tenth Circuit chose the other alternative in *U.S. v. Anderson,* 584 F.2d 369 (10th Cir. 1978). In *Anderson,* the defendant requested a jury trial more than ten days after the service of the last pleading, but before the Government had filed a reply to his counterclaim. The counterclaim was later dismissed. The court found that the jury demand had been timely made. The court reasoned:

> The Government contends that the defendant's answer and counterclaim were the 'final pleadings' so that the demand was untimely. We do not agree. At the time the demand for trial by jury was filed by Mr. Anderson, his counterclaim was still pending. That counterclaim seeking a refund of income tax, among other things, included the issue of liability for 1967 income tax—the same issue raised by the Government's complaint. That issue thus remained in the pleading stage and there had not been a 'last pleading directed to such issue' so as to cause the 10-day time limit of Rule 38(b) to run against making a demand for jury trial. In such circumstances where the issue of 1967 tax liability continued as an issue, with no 'last pleading' having been filed thereto at the time the demand for jury trial was made, the demand was timely. *Tights, Inc. v. Stanley,* 441 F.2d 336, 344 n. 21 (4th Cir.), cert. denied, 404 U.S. 852, 92 S.Ct. 90, 30 L.Ed.2d 91; *Monolith Portland Midwest Co. v. RFC,* 240 F.2d 444, 448 (9th Cir.), cert. denied, 354 U.S. 921, 77 S.Ct. 1379, 1 L.Ed.2d 1435; *Miller v. Poretsky,* 409 F.Supp. 837, 840 n. 4 (D.D.C.); *Binger v. Unger,* 7 F.R.D. 121, 122 (S.D.N.Y.). 584 F.2d at 372 (footnotes omitted).

The court did not seem to consider it important that no reply to counterclaim was ever filed nor could have been filed as the counterclaim was dismissed. In all of the cases cited by the Tenth Circuit, the demand for a jury trial was made within the ten-day period after a pleading had actually been served, not merely within the time that a pleading could have been made. The Tenth Circuit apparently considered the crucial factor to be that a reply could have been made to the counterclaim, whether one was made or not.

The one Seventh Circuit Case construing Rule 38(b), while not precisely on point, does shed some light. In *Dasho v. Susquehanna Corp.,* 461 F.2d 11 (7th Cir. 1972), *cert. denied,* 408 U.S. 925, 92 S.Ct. 2496, 33 L.Ed.2d 336 (1972) plaintiff's demand for a jury trial was filed several months after all defendants had answered and was incorporated in a reply which itself was not filed within the time specified by the court. The court found that the jury demand was timely made:

> Rule 38(b) permits a party to postpone decision on whether or not to demand a trial by jury until after the issues to be submitted to the jury have been finally framed by the pleadings. Presumably, that is the reason the timeliness of a jury demand is measured from the filing of the 'last pleading directed to such issue,' and also why amendments which do not really change the issues do not revive a right that has been waived.
>
> . . . .
>
> If the reply had been filed on December 1, 1968, quite clearly it would have been the 'last pleading' within the meaning of Rule 38(b). Up to that time there had been no final definition of the issues and no waiver of the right to a jury trial. By permitting the reply to be filed on December 30, 1968, the trial court effectively extended the time for filing the 'last pleading,' and thus the time in which to demand a jury. 461 F.2d at 22 (footnote omitted).

In *Dasho,* unlike *Anderson* and unlike the instant case, the jury demand was made within ten days of a pleading which had actually been filed. In that sense it is a very different case. The rationale presumed by the Court of Appeals for Rule 38(b) is illuminating, however. The court suggests that this rule was designed to enable a party to make his decision about a jury trial based on the very last pleading, apparently because this pleading could change the issues in some way which would make a jury trial more attractive. In cases

like the instant case, however, where an allowed pleading has not been made, there has been no change in the issues so as to justify allowing plaintiff to demand a jury. Thus, on the basis of the language of the Rule, its underlying rationale, and the one case in our Circuit construing it, I am satisfied that I must strike the jury demand as untimely.

Even if it were decided to follow the reasoning in *Anderson,* it is clear that the jury demand would be timely as to only those issues newly raised by the amended complaint. As the court in *First Wisconsin National Bank of Rice Lake v. Klapmeier,* 526 F.2d 77 (8th Cir. 1975) stated:

> ... Whenever new issues are raised by amendment to either the complaint or answer, a demand for jury trial as to those new issues may be made within ten days of the amendment under Rule 38(b).
>
> . . . .
>
> We order a new trial on defendants' defense of fraud in the inducement raised in the amended answer.... The jury trial shall be limited to the new issue raised by the amendment. 526 F.2d at 80 (citations omitted).

*See also Britt v. Knight Publishing Co.,* 42 F.R.D. 593, 594 (D.S.C.1967). ("Under Rule 38 amendments or supplemental pleadings do not extend the time for making demand for jury trial except as to new issues raised by the new pleading,"); 5 Moore's Federal Practice, ¶ 38.41 (2d ed. 1982). In the instant case the only new issues raised in the amended complaint are those issues which allege the particular acts and circumstances which would make NEGEA liable for Com/Energy's alleged breach of contract and fraud. Only a very limited part of the case could be heard before the jury. District courts in similar situations have exercised their discretion under Rule 39 and permitted the entire case to be decided by the jury. *See Butterfield v. Crist,* 52 F.R.D. 489 (E.D.Wis.1971). ("[G]iven the need for judicial efficiency ... in the exercise of discretion under Rule 39(b) their belated request should be granted.") However, there is no provision similar to Rule 39 in the Bankruptcy Rules, so this does not appear to be an option available to the bankruptcy court.

Upon the foregoing, the jury trial demand is denied.

